Mr. Bobby Hicks P.O. Box 193492 Little Rock, AR 72219
Dear Mr. Hicks:
This is in response to your request for an opinion, pursuant to A.C.A. §25-19-105(c)(3)(B) (Supp. 1993) (part of the Arkansas Freedom of Information Act, "FOIA"), as to whether the decision of the Arkansas Department of Human Services ("DHS") with respect to the release of your employment application is consistent with the FOIA. Correspondence attached to your request indicates that the DHS views the employment application as a personnel record that is "open to the public except for those items that would be exempt from public disclosure such as social security numbers, medical records, and scholastic records." Letter from Judy Besancon to Mel Hanks (August 2, 1995).
This office has previously concluded in numerous Attorney General Opinions that employment applications of successful job applicants such as yourself are deemed to be "personnel records" for purposes of the FOIA.See, e.g., Ops. Att'y Gen. 95-113 and 94-187. It is therefore my opinion that the DHS is correct in treating the FOIA request for your employment application as a request for personnel records.
It is my opinion, as also stated in several previous opinions, that employment applications are generally subject to disclosure under the FOIA. See, e.g., Ops. Att'y Gen. 95-113, 94-187, 93-421, and 90-248. It must be recognized, however, when viewing the actual application in this instance, that in accordance with the FOIA provision governing "personnel records," any information that would constitute a "clearly unwarranted invasion of personal privacy" if released, must be deleted. A.C.A. §25-19-105(b)(10) (Supp. 1993). In this regard, it is my opinion that the DHS's decision to excise any social security number is consistent with the FOIA. See Ops. Att'y Gen. 94-187, 94-178, 94-113.[1]
With regard to any other particular information in the application, it should be noted that the Arkansas Supreme Court in the case of Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992), relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Other federal case law, like that relied upon inYoung, delineates additional types of information the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department ofDefense, 611 F.2d 738 (9th Cir. 1979); citizenship, United StateDepartment of State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); information about family life, Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v. Department of Agriculture,498 F.2d 73 (D.C. Cir 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
In conclusion, it is my opinion that your employment application is generally subject to disclosure under the FOIA. As I have previously opined, the public has a substantial interest in knowing the qualifications and work history of public employees. Op. Att'y Gen.95-113. Your involvement in pending litigation involving the DHS is not, in my opinion, a relevant factor in addressing the FOIA request.[2] Any exempt information, i.e., the type of intimate information noted above or any other specifically exempted information such as medical records, must, however, be deleted prior to release of the personnel record.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Medical records and scholastic records are exempt from disclosure under a separate, specific provision of the FOIA. A.C.A. §25-19-105(b)(2). With regard to scholastic records, this office has stated that grade transcripts are scholastic records for purposes of the FOIA exemption, but that lists of schools attended and degrees received are not. Op. Att'y Gen. 87-108.
[2] It is my understanding that the case does not involve personnel action in connection with your employment.